IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAN MITCHELL, | § |
| Plaintiff, | § |
| vs. | § Case No. 04-3026-CV-S-SOW |
| | § **JURY TRIAL DEMANDED** |
| BRIAN SEXTON, | § |
| <u>Serve at:</u> | § |
| 2267 Charity Road | § |
| Elkland, MO 65644 | § |
| | § |
| JAMES CAMERON, | § |
| <u>Serve at:</u> | § |
| 2430 Mesa Road | § |
| Colorado Springs, CO 80906 | § |
| | § |
| THE CHEMINS COMPANY, INC., | § |
| <u>Serve Registered Agent:</u> | § |
| Dorothy Coulter | § |
| 1835 E. Cheyenne Road | § |
| Colorado Springs, CO 80906 | § |
| | § |
| CHEMINS FEED SUPPLEMENTS, L.L.C., | § |
| <u>Serve Registered Agent:</u> | § |
| Kenneth W. Duke | § |
| 1835 E. Cheyenne Road | § |
| Colorado Springs, CO 80906 | § |
| Defendants. | § |

**COMPLAINT**

**GENERAL ALLEGATIONS**

**COMES NOW** Plaintiff, by and through his undersigned attorney, and for his cause of action against Defendants, states and alleges to the Court as follows:

1. Plaintiff is, and was at all relevant times mentioned herein, a resident of Webster County, Missouri.

2. Defendant Brian Sexton is, and was at all relevant times mentioned herein, a resident of Webster County, Missouri and may be served with process at the address set forth above.

3. Defendant James Cameron is, and was at all relevant times mentioned herein, a resident of El Paso County, Colorado and may be served with process at the address set forth above. Defendant Cameron has transacted business in the State of Missouri and is subject to jurisdiction in this State.

4. Defendant The Chemins Company, Inc. is a Colorado corporation doing business in Missouri and throughout the United States and may be served by process as set forth above. Defendant The Chemins Company, Inc. has transacted business in the State of Missouri and is subject to jurisdiction in this State.

5. Defendant Chemins Feed Supplements, L.L.C. is a Colorado limited liability corporation with its principal place of business in Marshfield, Webster County, Missouri and may be served with process at the address set forth above.

6. This Complaint is brought for violations of the Lanham Act, 15 U.S.C. §1125, et seq., Missouri Trade Secrets Act, §417.450 RSMo. et. Seq., and other state law claims.

7. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1331.

8. Venue is proper in the Southern Division of the United States District Court, Western District of Missouri because the acts and transactions complained of herein primarily occurred in this district and Defendant and at least one of the Defendants resides or does business in this district.

9. For the last 35 years, Plaintiff has been engaged in the business of developing and selling animal feed supplements.

2

10. During the last eight to ten years, Plaintiff has independently developed certain formulas for these supplements.

11. The trade names or product names of these supplements as used by Plaintiff are:

   a. Bactrix;

   b. Bovacel;

   c. Masterbac;

   d. Birth-Right;

   e. Provide;

   f. Bacterium I;

   g. Bacterium II;

   h. Proferm Silage Innoculant;

   i. Envirotech;

   j. Purgo;

   k. Calf Master;

   l. Finisher Choice;

   m. Punch;

   n. Calfalyte; and

   o. Pigalyte.

12. Plaintiff has exclusively used these formulas to produce animal feed supplements and has distributed these animal feed supplements to farmers and livestock centers throughout the midwestern United States.

13. In connection with his business, Plaintiff has also developed customer lists and price lists for his products.

14. Throughout the entire duration of his business, Plaintiff has maintained these formulas, customer lists and price lists as trade secrets, as that term is defined in §417.453(4) RSMo.

15. On or about December, 1997, Defendant Brian Sexton came into the employ of Plaintiff as a delivery person and salesman and received compensation from Plaintiff.

## COUNT I

## MISAPPROPRIATION OF TRADE SECRETS
## PURSUANT TO §417.450 et seq. RSMO.

**COMES NOW** Plaintiff, by and through his undersigned attorney, and for his cause of action against Defendant Brian Sexton, states and alleges to the Court as follows:

1. Plaintiff restates, realleges and incorporates herein by reference each and every general allegation set forth above, as if set forth more fully below.

2. That in or around July of 2000, Defendant Brian Sexton misappropriated Plaintiff's formulas, customer lists and price lists.

3. As a direct and proximate result of the misappropriation of Plaintiff's formulas, customer lists and price lists by Defendant Brian Sexton, Plaintiff has sustained damage including, but not limited to, lost profits.

4. Furthermore, Defendant Brian Sexton has been unjustly enriched as a result of the misappropriation of Plaintiff's formulas, customer lists and price lists.

5. Pursuant to §417.457.1, Plaintiff is entitled to recover damages from Defendant Brian Sexton for actual loss caused by misappropriation and the unjust enrichment caused by

4

misappropriation, or alternatively, the Court should impose liability against Defendant Brian Sexton for a reasonable royalty for Defendant Brian Sexton's disclosure or use of Plaintiff's formulas, customer lists and price lists.

6. Defendant Brian Sexton should be required to disgorge all profits and income realized by the wrongful misappropriation of Plaintiff's formulas, customer lists and price lists.

7. Defendant Brian Sexton's misappropriation of Plaintiff's formulas, customer lists and price lists was outrageous because of his evil motive or reckless indifference to the rights of others, including the Plaintiff, and therefore, Plaintiff is entitled to punitive damages.

8. Furthermore, Plaintiff will continue to suffer irreparable damage and injury to his business as a result of the Defendant's misappropriation and continued use of Plaintiff's formulas, customer lists and price lists, which use is ongoing, unless and until this Court, in the exercise of its equitable discretion, enjoins Defendant Brian Sexton from further use of Plaintiff's trade secrets.

9. Pursuant to §417.455.1 RSMo., Plaintiff is entitled to an injunction against Defendant Brian Sexton for continued use of Plaintiff's trade secrets.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Brian Sexton on Count I of his Complaint for fair and reasonable damages for the actual loss suffered by Defendant's misappropriation of his formulas, customer lists and price lists together with damages for unjust enrichment caused by the misappropriation of trade secrets, for punitive damages in the amount of One Million and No/100 Dollars ($1,000,000.00), and a further order enjoining defendant Brian Sexton from continued use of Plaintiff's formulas, customer lists and price lists together with Plaintiff's costs herein incurred and expended, and for such other and further relief as the Court deems just and proper in the premises.

5

## COUNT II

## BREACH OF FIDUCIARY DUTY

**COMES NOW** Plaintiff, by and through his undersigned attorney, and for Count II of his cause of action against Defendant Brian Sexton, states and alleges to the Court as follows:

1. Plaintiff restates, realleges and incorporates herein by reference each and every General Allegation set forth above, and paragraphs 2 through 3 of Count I above, as if set forth more fully herein.

2. That at the time of the misappropriation of Plaintiff's formulas, customer lists and price lists by Defendant Brian Sexton, Defendant Sexton was an employee of the Plaintiff, and therefore owed Plaintiff a fiduciary duty.

3. Defendant Brian Sexton breached his fiduciary duty in one or more of the following ways:

    (a) Misappropriating Plaintiff's formulas, customer lists and price lists;

    (b) Disclosing the formulas, customer lists and price lists to Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C.; and

    (c) Directly competing with Plaintiff's business using the formulas, customer lists and price lists misappropriated from the Plaintiff.

4. As a direct and proximate result of the aforementioned breach of fiduciary duty, Plaintiff has sustained damage including, but not limited to, lost profits.

5. That the aforementioned actions and conduct of Defendant Brian Sexton are outrageous because of his evil motive or reckless indifference to the rights of others, including the

Plaintiff, and therefore, Plaintiff is entitled to punitive damages in such sum as will serve to punish Defendant Sexton and to deter Defendant Sexton and others from like conduct.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Brian Sexton for fair and reasonable damages, for punitive damages in the amount of One Million and No/100 Dollars ($1,000,000.00), together with Plaintiff's costs and expenses herein incurred and expended, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT III

## CONVERSION

**COMES NOW** Plaintiff, by and through his undersigned attorney, and for Count III of his cause of action against Defendant Brian Sexton, states and alleges to the Court as follows:

1. Plaintiff restates, realleges and incorporates herein by reference each and every General Allegation set forth above and paragraphs 2 through 3 of Count I above, as if set forth more fully herein.

2. Defendant Brian Sexton converted Plaintiff's formulas by tortiously taking them and/or by using or appropriating them in a matter indicating a claim or right in opposition to Plaintiff, the owner of the formulas, customer lists and price lists.

3. As a direct and proximate result of Defendant Sexton's conversion of Plaintiff's formulas, customer lists and price lists, Plaintiff has sustained damage, including but not limited to, lost profits.

4. That the aforementioned actions and conduct of Defendant Brian Sexton are outrageous because of his evil motive or reckless indifference to the rights of others, including the

7

Plaintiff, and therefore, Plaintiff is entitled to punitive damages in such sum as will serve to punish Defendant Sexton and to deter Defendant Sexton and others from like conduct.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Brian Sexton for fair and reasonable damages, for punitive damages in the amount of One Million and No/100 Dollars ($1,000,000.00), together with Plaintiff's costs and expenses herein incurred and expended, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT IV

### MISAPPROPRIATION OF TRADE SECRETS PURSUANT TO §412.450 ET SEQ. RSMo. (Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C.)

**COMES NOW** Plaintiff, by and through his undersigned attorney, and for Count IV of his cause of action against Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C., states and alleges to the Court as follows:

1. Plaintiff restates, realleges and incorporates herein by reference each and every General Allegation set forth above, and paragraphs 2 through 3 of Count I above, as if set forth more fully herein.

2. In or about August, 2001, Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C. misappropriated Plaintiff's formulas, customer lists and price lists by acquiring them from Defendant Sexton when they knew or had reason to know that the formulas, customer lists and price lists were acquired by Defendant Sexton from Plaintiff by improper means.

8

3. Subsequently, Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C. used Plaintiff's formulas, customer lists and price lists to compete directly with Plaintiff in the animal feed supplement business.

4. As a direct and proximate result of Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C.'s misappropriation of the Plaintiff's formulas, customer lists and price lists Plaintiff has sustained damage, including but not limited to, lost profits.

5. Furthermore, Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C. have been unjustly enriched as a result of the misappropriation of Plaintiff's formulas, customer lists and price lists.

6. Pursuant to §417.457.1, Plaintiff is entitled to recover damages from Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C. for actual loss caused by misappropriation and the unjust enrichment caused by misappropriation, or alternatively, the Court should impose liability against Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C. for a reasonable royalty for Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C.'s disclosure of use of Plaintiff's formulas, customer lists and price lists.

7. Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C. should be required to disgorge all profits and income realized by the wrongful misappropriation of Plaintiff's formulas, customer lists and price lists.

8. Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C.'s misappropriation of Plaintiff's formulas, customer lists and price lists was

9

outrageous because of their evil motive or reckless indifference to the rights of others, including the Plaintiff, and therefore, Plaintiff is entitled to punitive damages.

9. Furthermore, Plaintiff will continue to suffer irreparable damage and injury to his business as a result of the Defendants' misappropriation and continued use of Plaintiff's formulas, customer lists and price lists, which use is ongoing, unless and until this Court, in the exercise of its equitable discretion, enjoins Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C. from further use of Plaintiff's trade secrets.

10. Pursuant to §417.455.1 RSMo., Plaintiff is entitled to an injunction against Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C. for continued use of Plaintiff's trade secrets.

**WHEREFORE**, Plaintiff prays for judgment against Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C. on Count IV of his Complaint for fair and reasonable damages for the actual loss suffered by Defendants' misappropriation of his formulas, customer lists and price lists, together with damages for unjust enrichment caused by the misappropriation of trade secrets, for punitive damages in the amount of One Million and No/100 Dollars ($1,000,000.00), and a further order enjoining Defendants James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C. from continued use of Plaintiff's formulas, together with Plaintiff's costs herein incurred and expended, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT V

## CIVIL CONSPIRACY

**COMES NOW** Plaintiff, by and through his undersigned attorney, and for his cause of action against Defendants Brian Sexton, James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C., states and alleges to the Court as follows:

1. Plaintiff restates, realleges and incorporates herein by reference each and every General Allegation set forth above and paragraphs 2 through 3 of Count I of his Complaint, as if set forth more fully herein.

2. That Defendants Brian Sexton, James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C. conspired together to misappropriate Plaintiff's formulas, customer lists and price lists and to compete with Plaintiff's business using Plaintiff's formulas, customer lists and price lists.

3. That there was a meeting of the minds on this course of action by and among Defendants Brian Sexton, James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C.

4. That Defendants Brian Sexton, James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C.'s conduct in misappropriating Plaintiff's formulas, customer lists and price lists was unlawful.

5. That Defendants did in fact misappropriate Plaintiff's trade secrets and reaped benefits of these trade secrets by competing with Plaintiff's business using Plaintiff's formulas, customer lists and price lists.

6. As a direct and proximate result of the civil conspiracy among the Defendants to misappropriate Plaintiff's formulas, customer lists and price lists and to compete with Plaintiff's business using Plaintiff's formulas, customer lists and price lists, Plaintiff has been damaged, including, but not limited to, lost profits.

WHEREFORE, Plaintiff prays for judgment against Defendants Brian Sexton, James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C., jointly and severally, on Count V of his Complaint, for fair and reasonable damages for the actual loss suffered by Defendants' misappropriation of his formulas, customer lists and price lists, together with damages for unjust enrichment caused by the misappropriation of trade secrets, for punitive damages in the amount of One Million and No/100 Dollars ($1,000,000.00), together with Plaintiff's costs herein incurred and expended, and for such other and further relief as the Court deems just and proper in the premises.

## COUNT VI

## VIOLATION OF §43(a) OF THE LANHAM ACT

**COMES NOW** Plaintiff, by and through his undersigned attorney, and for his cause of action against Defendants Brian Sexton, James Cameron, The Chemins Company, Inc. and Chemins Feed Supplements, L.L.C., states and alleges to the Court as follows:

1. Plaintiff restates, realleges and incorporates herein by reference each and every General Allegation set forth above, and paragraphs 2 through 3 of Count I of his Complaint, as if set forth more fully herein.

2. That throughout the duration of his conduct of business in the midwestern United States, Plaintiff used the following trade names for his animal feed supplements:

12

(a) Bactrix;

(b) Bovacel;

(c) Masterbac;

(d) Birth-Right;

(e) Provide;

(f) Bacterium I;

(g) Bacterium II;

(h) Proferm Silage Innoculant;

(i) Envirotech;

(j) Purgo;

(k) Calf Master;

(l) Finisher Choice;

(m) Punch;

(n) Calfalyte; and

(o) Pigalyte.

3. The aforementioned trade names were used in Plaintiff's sales literature and at point of sale contacts with new, existing and potential customers of Plaintiff.

4. That the aforementioned trade names became affiliated with Plaintiff's products and became distinctive of Plaintiff's products in the market.

5. That Plaintiff often personally called upon his customers and developed a rapport and goodwill with his customers throughout the midwestern United States.

13

6. Subsequent to Defendants' misappropriation of Plaintiff's formulas, Defendants have "passed off" their products developed by using Plaintiff's formulas as the same as or identical to Plaintiff's products.

7. Defendants have further represented to Plaintiff's customers that Defendants' products made by using the formulas misappropriated from Plaintiff were the same as Plaintiff's products.

8. That as a direct and proximate result of the aforementioned representations of Defendants, consumers have been confused, or are likely to become confused about the true source of the products.

9. Furthermore, Defendant Brian Sexton has used his previous affiliation with Plaintiff to mislead consumers about the source or origin of Defendants' products.

10. That in advertising or promoting their products which were made by using the formulas misappropriated from Plaintiff, Defendants have represented to consumers that their product is the same as Plaintiff's product.

11. Said actions and conduct of Defendants constitute a violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

12. As a direct and proximate result of the aforementioned acts and conduct of the Defendants in violation of §43(a) of the Lanham Act, Plaintiff has been damaged, including, but not limited to, suffering lost profits.

13. Pursuant to 15 U.S.C.A. §1117(a), Plaintiff is entitled to recover damages including (1) Defendants' profits, (2) any damages sustained by the Plaintiff, (3) and the costs of the action. Furthermore, the Court may award treble damages and reasonable attorney fees.

14

WHEREFORE, Plaintiff prays for judgment against Defendant on Count VI of his Complaint, for fair and reasonable damages, including damages under 15 U.S.C. §1117(a), treble damages, together with his costs herein incurred and expended, including a reasonable attorney fee, and for such other and further relief as the Court deems just and proper in the premises.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial of this action.

>LOWTHER JOHNSON
>Attorneys at Law, LLC
>
>BY: /s/ Randy J. Reichard
>Randy J. Reichard
>Missouri Bar Number 44560
>
>Lee J. Viorel
>Missouri Bar Number 36886
>901 St. Louis Street, 20th Floor
>Springfield, MO 65806
>Telephone: 417-866-7777
>Fax: 417-866-1752
>rreichard@lowtherjohnson.com
>Attorneys for Plaintiff

20366-001